UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CR No. C-06-277 |
| ROBERT R. BENDER | § § § | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Pending before the Court is the government's interlocutory appeal of the Magistrate Judge's Order Granting Defendant's Motion to Suppress. Having reviewed the order, arguments of counsel and the briefs submitted by both parties, the Court finds the ruling of the Magistrate Judge should be reversed.

The issue before the Court is whether Defendant was unlawfully detained in violation of the Fourth Amendment. This Circuit recognizes that not every encounter between a citizen and a police officer constitutes a seizure under the Fourth Amendment. *U.S. v. Chavez*, 281 F.3d 479, 483 (5th Cir. 2002). A law enforcement officer has a right to approach an individual in a public place and ask him if he is willing to answer some questions. *U.S. v. Galberth*, 846 F.2d 983, 989 (5th Cir. 1988) (citing *Florida v. Royer*, 460 U.S. 491, 497 (1983)). To determine whether a seizure has occurred, a court must consider all the circumstances surrounding the encounter and answer the following question: Did the police conduct communicate to a reasonable person that he was free to decline the officer's

1

requests or leave? *Florida v. Bostick*, 501 U.S. 429, 440 (1991).

In *U.S. v. Barry*, a police officer approached a vehicle parked in a vacant parking lot behind a mall "to find out what was going on." *U.S. v. Barry*, 394 F.3d 1070, 1072 (8th Cir. 2005). This area had experienced some crime in the past. *Id.* The officer kept his headlights on and parked his patrol car fifteen feet in front of the defendant. *Id.* As the officer approached the vehicle, he shined his flashlight on his uniform and kept his hand on his holstered gun. *Id.* He knocked twice on the passenger's window but did not receive a response. *Id.* When the officer knocked a third time, the passenger rolled down the window. *Id.* At that point, the officer smelled marijuana. *Id.* The court found that a police officer's approaching a parked vehicle and knocking on the window did not amount to a show of authority such that a reasonable person would believe he was not free to ignore the officer and go about his business. *Id.* at 1075.

The encounter in this case in no more a detention than a police officer beating on the side window of a parked vehicle. The evidence in this case is not disputed. The only evidence before the Court is the testimony of Corpus Christi Naval Air Station police officers Bryan Beck and Avarn Hearn. On the night in question, the officers were patrolling an area outside the north gate of the Corpus Christi Naval Air Station. The officers routinely patrol this area to maintain security of the base. The area is property of the United States Navy and is open to the public. It is known as a "no man's land" that is considered to be a high crime area. There are two signs on the government property line informing people they are entering federal property.

Defendant's vehicle was already stopped when the officers approached. It was parked facing the water with no lights on. The officers decided to approach so they could simply find out what was going on. They parked fifteen to twenty feet behind the vehicle and activated their lights to identify themselves as law enforcement. Officer Hearn exited the cruiser and approached Defendant's vehicle. Defendant began to reverse, and Officer Hearn told him to stop to avoid being hit by Defendant's vehicle. At that point, Officer Hearn smelled marijuana. The circumstances of this encounter did not provide Officer Hearn an opportunity to ask Defendant if he would be willing to answer a few questions or simply tell him to move along. Moreover, there is no evidence that Officer Hearn's words or conduct displayed any coercion.

The Court finds this was a mere police-citizen encounter that was conducted in a completely non-coercive manner. The Court finds that a reasonable person in Defendant's position would have felt free to leave. Therefore, the Court finds there was no Fourth Amendment seizure. Defendant's Motion to Suppress is DENIED.

ORDERED February 27, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE